# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL ISREAL, | CV F   04-5064 AWI SMS HC |
|     Petitioner, | ORDER GRANTING PETITIONER'S MOTION FOR RECONSIDERATION |
| v. | [Doc. 35] |
| J. SULLIVAN, Warden, | |
|     Respondent. | |

    Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

    On January 3, 2007, the undersigned denied the petition for writ of habeas corpus and judgment was entered in favor of Respondent.  (Court Docs. 33, 34.)

    Now pending before the Court is Petitioner's motion for reconsideration, filed January 16, 2007.  (Court Doc. 35.)

    In his motion, Petitioner states that he never received and was unaware of the Findings and Recommendations issued October 19, 2006, due to his temporary transfer to a different prison. (Motion, at 1.)  Therefore, Petitioner requests that the Court send him a copy of the Findings and Recommendations and grant him the opportunity to file objections.  (Id.)

    Pursuant to Rule 60(b) of the Federal Rules of Civil Procedure,

> the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud

(whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment.

Motions to reconsider are committed to the discretion of the trial court. Combs v. Nick Garin Trucking, 825 F.2d 437, 441 (D.C. Cir. 1987); Rodgers v. Watt, 722 F.2d 456, 460 (9th Cir. 1983) (*en banc*). To succeed, a party must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision. See e.g., Kern-Tulare Water Dist. v. City of Bakersfield, 634 F.Supp. 656, 665 (E.D. Cal. 1986), *aff'd in part and rev'd in part on other grounds*, 828 F.2d 514 (9th Cir. 1987), *cert. denied*, 486 U.S. 1015 (1988). The Ninth Circuit has held that "[c]lause 60(b)(6) is residual and 'must be read as being exclusive of the preceding clauses.'" LaFarge Conseils et Etudes, S.A. v. Kaiser Cement, 791 F.2d 1334, 1338 (9th Cir. 1986), *quoting* Corex Corp. v. United States, 638 F.2d 119 (9th Cir. 1981). Accordingly, "the clause is reserved for 'extraordinary circumstances.'" Id.

Petitioner has demonstrated extraordinary circumstances warranting relief from judgment, in that he never received a copy of the Findings and Recommendations and was therefore unable to file objections. Accordingly, the Court will grant Petitioner's motion for reconsideration, forward a copy of the Findings and Recommendations, and grant Petitioner the opportunity to file objections.

Based on the foregoing, it is HEREBY ORDERED that:

1. Petitioner's motion for reconsideration is GRANTED;

2. The order adopting and the Findings and Recommendations and judgment entered therefrom are VACATED;

3. The Clerk of Court is directed to forward Petitioner a copy of the Findings and Recommendations, issued October 19, 2006; and

4. Within thirty (30) days from the date of service of this order, Petitioner may file objections to the Findings and Recommendations.

IT IS SO ORDERED.

**Dated:     March 13, 2007                              /s/ Anthony W. Ishii**
0m8i78                                                                 UNITED STATES DISTRICT JUDGE