# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL ISREAL,<br><br>    Petitioner,<br><br>    v.<br><br>J. SULLIVAN, Warden,<br><br>    Respondent. | CV F 04-5064 AWI SMS HC<br><br>ORDER DISREGARDING PETITIONER'S MOTION FOR EXTENSION AND ORDER ADOPTING FINDINGS AND RECOMMENDATIONS<br><br>[Docs. 29, 40, 41] |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

On October 19, 2006, the Magistrate Judge issued Findings and Recommendation that the Petition for Writ of Habeas Corpus be DENIED. This Findings and Recommendation was served on all parties and contained notice that any objections were to be filed within thirty (30) days of the date of service of the order. Over thirty (30) days passed and no party filed objections.[1] Accordingly, on January 3, 2007, the Findings and Recommendations were adopted in full and judgment was entered in favor of Respondent.

On January 16, 2007, Petitioner filed a motion for reconsideration indicating that he never received a copy of the Findings and Recommendations. On March 14, 2007, the Court granted Petitioner's motion for reconsideration, re-opened this case, and extended the time to file objections. On April 19, 2007, Petitioner filed objections to the Findings and Recommendations,

---

[1] On October 27, 2006, a copy of the Findings and Recommendations was returned to this Court as undeliverable with a notation "No longer at Institution." (Court Doc. 31.) Pursuant to Local Rule 83-182(f) each party is under a continuing duty to inform the Court of any change of address. Absent such notice, service of documents at the prior address of record of the party is effective service. Local Rule 83-182(f).

along with a motion for extension of time.[2]

In accordance with the provisions of 28 U.S.C. § 636 (b)(1)(C), this Court has conducted a *de novo* review of the case. Having carefully reviewed the entire file, including the April 19, 2007 objections, the Court still finds that the Findings and Recommendation to be supported by the record and proper analysis. As explained by the Magistrate Judge, the parole board's actions do not violate due process if there was "some evidence" to support the board's decision, and the "some evidence" standard does not require examination of the entire record, independent assessment of the credibility of witnesses, or weighing of the evidence. Sass v. California Bd. of Prison Terms, 461 F.3d 1123, 1128 (9th Cir. 2006). For the reasons explained by the Magistrate Judge, there was some evidence to support the board's decision. The board considered not only Petitioner's commitment offense, but Petitioner's prior record, Petitioner's prison disciplinary record while in prison, and a psychiatrist report finding that Petitioner would be an above average threat to the community. While Petitioner wishes the board had focused on the fact that after released on parole he will have to serve the remainder of a thirty-year sentence in Missouri, the board's conclusion did not violate Petitioner's constitutional rights because it was supported by some evidence.

Accordingly, IT IS HEREBY ORDERED that:

1. Petitioner's motion for extension of time is DISREGARDED as unnecessary;
2. The Findings and Recommendation issued October 19, 2006, is ADOPTED IN FULL;
3. The Petition for Writ of Habeas Corpus is DENIED; and
4. The Clerk of the Court is DIRECTED to enter judgment for Respondent. This terminates this action in its entirety.

IT IS SO ORDERED.

**Dated:   May 25, 2007**          /s/ Anthony W. Ishii
                                                    UNITED STATES DISTRICT JUDGE

---

[2] In his motion for extension of time, Petitioner requests an additional twenty days within which to make copies of the objections.